UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ESTECH SYSTEMS IP, LLC,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>FRESHWORKS INC.,<br><br>　　　　　　Defendant. | Case No.　5:24-cv-02525-EJD<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: ECF No. 56 |

Plaintiff Estech Systems IP, LLC brings this suit against Defendant Freshworks Inc. for infringement of U.S. Patent Nos. 8,391,298 (the "'298 Patent") and 7,123,699 (the "'699 Patent") (together, the "Asserted Patents"). The Asserted Patents are directed to systems and methods for providing communications systems across local area networks ("LANs"), including voice over IP ("VoIP") telephony. Freshworks now moves to dismiss Estech's First Amended Complaint ("FAC") for failure to state a claim under Rule 12(b)(6). Mot., ECF No. 56; FAC, ECF No. 51. The motion is fully briefed, and the Court heard oral argument on June 26, 2025. Opp., ECF No. 59; Reply, ECF No. 63; ECF No. 77. After careful consideration, the Court **GRANTS** Freshworks's motion.

**I.　BACKGROUND**

The Court summarized the relevant factual background of this case in its Order dismissing Estech's original complaint. MTD Order at 1–4, ECF No. 49. The relevant facts remain the same. In the FAC, Estech reasserts the claims of direct and indirect infringement the Court previously

Case No.: 5:24-cv-02525-EJD
ORDER GRANTING MOTION TO DISMISS
1

1  dismissed. Attached to the FAC are two new exhibits that appear to be claim charts[1] comparing
2  the claims of the Asserted Patents to the Accused Instrumentalities.[2] FAC, Exs. B, D, ECF Nos.
3  51-2, 51-4.

## II.   LEGAL STANDARD

For the FAC to survive Freshworks's 12(b)(6) motion, it must allege sufficient facts from which the Court can reasonably infer that Freshworks is liable for the alleged patent infringement. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Courts accept well-pled allegations in the complaint as true, but unsupported legal conclusions are not afforded the same treatment. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). As such, "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements" are insufficient to state a plausible claim for relief. *Id.*

Likewise, in the patent context, a plaintiff does not assert a plausible claim for infringement by merely reciting the elements of patent claims and concluding that the accused product practices those elements. *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021). "A plaintiff is not required to plead infringement on an element-by-element basis," but the claim must be supported by factual allegations that, when taken as true, give rise to a plausible inference of infringement beyond the speculative level. *Id.* at 1352 (citing *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018)). "The level of detail required in any given case will vary depending upon a number of factors, including the complexity of the technology, the materiality of any given element to practicing the asserted claim(s), and the nature of the allegedly infringing device." *Id.* at 1353.

## III.   DISCUSSION

Freshworks's motion is relatively straightforward. In the MTD Order, the Court dismissed

---

[1] Because Estech's claim charts forms the basis of its infringement claims, the Court considers them as incorporated into the FAC by reference. *See Khoja v. Orexigen Therapeutics, Inc*, 899 F.3d 988, 1002 (9th Cir. 2018).

[2] "Accused Instrumentalities" has the same meaning as in the FAC—*i.e.*, Freshworks's telecommunications and information handling systems accused of infringing the Asserted Patents. *See* FAC ¶¶ 21–24.

Case No.: 5:24-cv-02525-EJD
ORDER GRANTING MOTION TO DISMISS
2

1  Estech's infringement claims with leave to amend to "include additional factual allegations to
2  support a plausible claim of infringement beyond just identifying the products and claiming they
3  infringe" and to correct "the conclusory nature of the allegations which merely track the claim
4  language." MTD Order at 6–8. Freshworks argues that Estech has not remedied these
5  deficiencies in the FAC.

### A. Direct Infringement

A party who "makes, uses, offers to sell, or sells" a patented invention "without authority" directly infringes a patent. 35 U.S.C. § 271(a). To state a claim for direct infringement, a plaintiff must plead facts that give the alleged infringer fair notice of the claim and the accused misconduct. *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018). Even then, a plaintiff may still fail to state a claim where (1) the infringement theory rests on an implausible claim construction (*Ottah v. Fiat Chrysler*, 884 F.3d 1135, 1141–42 (Fed. Cir. 2018)), or (2) "the factual allegations are actually *inconsistent* with and contradict infringement" (*Bot M8*, 4 F.4th at 1354). Freshworks contends that Estech has failed to plead a claim for direct infringement of the Asserted Patents for both of these reasons.

#### 1. '298 Patent

Estech alleges that Freshworks directly infringes at least Claim 13 of the '298 Patent. FAC ¶¶ 25–45. Claim 13 recites the following:

> **13**. A telecommunications system comprising:
> a first IP telephone coupled to a first IP server within a first LAN;
> second and third telephone extensions coupled to a second IP server within a second LAN;
> a WAN coupling the first LAN to the second LAN, the first LAN, the second LAN, and the WAN communicating using an IP protocol;
> a third LAN coupled to the first and second LANs via the WAN;
> means for displaying on the first IP telephone a list of telephone destinations stored in the second IP server in response to selection of a first input on the first IP telephone, wherein the list of telephone destinations is communicated from the second IP server over the WAN to the first IP telephone;
> means for automatically dialing the selected one of the telephone destinations for a communications link between the first IP telephone and the selected one of the telephone destinations in response to selection of one of the telephone destinations from the displayed list, wherein the selection of one of the telephone destinations from the displayed list is performed in response to selection of a second input on the first IP

Case No.: 5:24-cv-02525-EJD
ORDER GRANTING MOTION TO DISMISS
3

>    telephone by a user;
> means for displaying on the first IP telephone a list of LANs coupled to the
>    WAN, including the second and third LANs; and
> means for displaying the first list in response to selection of the second LAN
>    from the displayed list of LANs.

'298 Patent 17:20–50.

Freshworks argues that Estech's infringement theories are contradictory or otherwise implausible. In support, Freshworks identifies several limitations in Claim 13 that highlight the deficiency of Estech's allegations. The Court takes each in turn.

"First LAN." Freshworks contends that the FAC asserts contradictory theories for how Freshworks practices a "first LAN" and does not provide factual support for those theories. Freshworks reads the FAC, or more specifically the incorporated claim chart in Exhibit B, as alleging that "LAN(s) associated with Freshworks' premises," "the local network," or a "caller's phone" all satisfy the "first LAN" element. Mot. at 10 (citing FAC, Ex. B at 34–42). Freshworks argues that none of these three implements can be a "first LAN" because they contradict each other and do not match up with how the '298 Patent's specification describes a LAN: "Workstation PC 106, network hub 103 and server 104 coupled to each other . . . where data is communicated between the workstation 106 and the server 104." *Id.* (citing '298 Patent, 2:51–54).

As an initial matter, the general description of a LAN in the specification does not necessarily limit the patent's scope to that embodiment. *See Apple Inc. v. Wi-LAN Inc.*, 25 F.4th 960, 967 (Fed. Cir. 2022). The specification explicitly states that its description of the components comprising a LAN only "illustrate[s] a typical LAN configuration." '298 Patent, 2:50–54. Any further construction of the term "LAN" is improper at the 12(b)(6) stage. *See Nalco*, 883 F.3d at 1350.

Freshworks's remaining arguments also miss the mark. Estech explains that the three components Freshworks identifies from the claim chart generally refer to the same concept: a local network consisting of phones, servers, and routers on a Freshworks customer's premises. *See* Opp. at 10 ("Estech's theory is that each Freshworks customer's site has a local network (with

Case No.: 5:24-cv-02525-EJD
ORDER GRANTING MOTION TO DISMISS

4

1  phones, and possibly on-site servers or routers)—i.e., a first LAN—which connects to
2  Freshworks' cloud."). Under this theory, a "caller's phone" is not by itself a LAN. Rather, it is
3  one of many devices that may be coupled to a Freshworks customer's LAN. Likewise, "LAN(s)
4  associated with Freshworks' premises" and "the local network" both refer to Freshworks customer
5  LANs. Estech provides screenshots of Freshworks webpages that instruct or recommend that
6  customers use LANs, providing some basis to infer that customer LANs are used as part of the
7  Accused Instrumentalities. *See* FAC, Ex. B at 36–37.

8  Freshworks nevertheless contends that Estech's theory cannot be squared with its
9  allegation that the LANs are "associated with Freshworks' premises," because the relevant LANs
10 reside on a customer's premises rather than on Freshworks's. This argument, too, is unpersuasive.
11 Estech alleges that customer LANs are connected to Freshworks's premises "via an Ethernet or
12 Wi-Fi connection," meaning the wide area network ("WAN"). The Court does not read Estech's
13 arguments or allegations as requiring the LANs to be physically within Freshworks's own
14 environment. Accordingly, the Court does not find Estech's allegations regarding a "first LAN"
15 to be implausible or contradictory.

16 "Second LAN." Similarly, Freshworks argues that Estech does not plausibly allege
17 "second and third telephone extensions coupled to a second IP server within a second LAN"
18 because Estech's infringement theory rests on an implausible definition of a LAN. Estech alleges
19 that "the second LAN can be the Freshworks cloud network" (FAC, Ex. B at 39), and explains that
20 "Freshworks' cloud network contains networked computers that locally communicate with each
21 other, so they form a [LAN]" (Opp. at 13). Freshworks contends that its cloud network cannot be
22 a LAN based on the way the '298 Patent's specification defines the term. But as explained above,
23 the specification's definition does not necessarily preclude Freshworks's cloud network from
24 being a LAN. Estech's explanation that the Freshworks cloud is a LAN because it contains
25 networked computers locally communicating with each other is somewhat vague but plausibly fits
26 within the '298 Patent's broad definition of a LAN.

27 However, Estech's theory that Freshworks's cloud constitutes a "second LAN" runs into

28 Case No.: 5:24-cv-02525-EJD
ORDER GRANTING MOTION TO DISMISS
5

1   another issue.  As Estech itself alleges, "phones can . . . register *over the WAN* to Freshworks'

2   cloud servers using the IP protocol."  FAC, Ex. B at 39 (emphasis added).  A network with

3   devices that connect over large distances via a WAN is at odds with the plain meaning of a *local*

4   *area network* (LAN).  Without further explanation to reconcile this apparent contradiction,

5   Estech's infringement theory regarding the "second LAN" rests on an implausible claim

6   construction.  *See ALD Soc., LLC v. Verkada, Inc.*, 654 F. Supp. 3d 972, 978 (N.D. Cal. 2023).

7   Accordingly, Estech does not plausibly allege that Freshworks's system practices a "second

8   LAN."

9         <u>"First IP server."</u>  Freshworks argues that Estech's allegations regarding a "First IP Server"

10   are conclusory and contradictory.  In its claim chart, Estech lists many different components in the

11   first LAN that could meet this requirement: provisioning server, configuration server, DHCP

12   server, LLDP server, Session Border Controller, OAM appliance/management station/server,

13   OAMP appliance/management station/server, local survivability appliance, survivability server,

14   on-premises configuration server, or NTP/firmware update host.  FAC, Ex. B at 34–35.  Estech

15   claims that this list demonstrates that Freshworks's system could involve a variety of different

16   kinds of IP servers.  Freshworks, on the other hand, contends that listing components that

17   Freshworks customers could use without alleging facts to support that any customer actually uses

18   any of these components is conclusory and insufficient to allege infringement.

19         The Court agrees with Freshworks.  Though it lists several potential examples of a "first IP

20   server," Estech does not allege facts suggesting that any of these examples exist in the Accused

21   Instrumentalities.  That is, merely listing possible ways Freshworks's system could practice a

22   "first IP server" is insufficient to allege that it plausibly does so.  *See Iqbal*, 556 U.S. at 678

23   ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops

24   short of the line between possibility and plausibility of entitlement to relief." (internal quotations

25   omitted) (quoting *Twombly*, 550 U.S. at 557)).  Estech's shotgun approach to alleging that the

26   Accused Instrumentalities use some form of "first IP server" fails to provide Freshworks with fair

27   notice of the specific conduct being accused of infringement and improperly shifts the burden of

28   Case No.:   5:24-cv-02525-EJD
ORDER GRANTING MOTION TO DISMISS
6

demonstrating infringement onto Freshworks. *See Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (quoting *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1284 (Fed. Cir. 2013)). To the extent Estech relies on the assumption that Freshworks must use at least one of these components by virtue of being a VoIP provider, Estech fails to substantiate that assumption with other factual allegations. As such, Estech has not plausibly alleged a "first IP server."

"Third LAN." Freshworks asserts the same arguments it makes for the "first LAN" to the "third LAN." For the same reasons stated above, Estech has plausibly alleged a "third LAN."

"A WAN coupling the first LAN to the second LAN." Freshworks next challenges the sufficiency of Estech's allegations regarding "a WAN coupling the first LAN to the second LAN." Estech alleges that the Internet is the relevant WAN, and Freshworks couples (or at least directs or controls the coupling of) LANs over the Internet through its system. Opp. at 17 (citing FAC, Ex. B at 47, 54–55). Yet, at the same time, it contends that "[Freshworks's] cloud servers cause the two LANs to communicate," implying that the cloud is the relevant WAN and not one of the connected LANs. *Id.* This contradicts Estech's other allegation that Freshworks's cloud is the "second LAN." Given these seemingly incongruous allegations, Estech fails to plausibly allege that Freshworks's system practices "a WAN coupling the first LAN to the second LAN."

"Means for displaying . . . a list of LANs." Finally, Freshworks argues that Estech has not plausibly alleged that the Accused Instrumentalities practice a "means for displaying . . . a list of LANs coupled to the WAN, including the second and third LANs." Estech alleges the Accused Instrumentalities display "different directories of contacts"—*e.g.*, "Personal Directory" and "Company Directory"—rather than a list of LANs, so Freshworks contends that Estech has failed to plausibly allege infringement. FAC, Ex. B at 80–88. Estech counters that displaying a list of directories connected with each LAN is functionally the same as displaying a list of the LANs themselves. Opp. at 20 ("Estech's theory is not that a contact is a LAN; it is that the phone's grouping of contacts by source or location is effectively a grouping by LAN."); *see also* FAC, Ex. B at 87 (alleging the same under the doctrine equivalents). At this early stage, Estech's proffered

Case No.: 5:24-cv-02525-EJD
ORDER GRANTING MOTION TO DISMISS

7

construction does not strike the Court as implausible given the '298 Patent's general purpose.  As such, Estech has plausibly alleged a "means for displaying . . . a list of LANs."

### 2. '699 Patent

Freshworks asserts similar arguments as to the '699 Patent.  In the FAC, Estech alleges that Freshworks infringes "at least Claim 1 of the '699 Patent."  FAC ¶¶ 46–58.  Claim 1 recites, in relevant part, the following:

> In a telecommunications system, a method comprising the steps of:
> storing a voice mail message in a voice mail box in a voice mail system within a first LAN;
> coupling a second LAN to the first LAN over a WAN, wherein the first LAN, the second LAN, and the WAN operate under a routable network protocol; . . .
> establishing a channel between the first and second LANs over the WAN; . . .

'699 Patent, 12:52–13:4.  According to Estech, the "first LAN" for purposes of the '699 Patent is Freshworks's cloud data center, and the "second LAN" has the same meaning as "first LAN" in the '298 Patent—*i.e.*, a Freshworks customer's local network.  Opp. at 21–22.

Freshworks argues that the FAC's allegations fail to satisfy the "first LAN" limitation for the same reasons discussed above with regard to the '298 Patent.  That is, Estech's theory that the "first LAN" in the '699 Patent is Freshworks's cloud network rests upon an implausible construction of the term "LAN."  The Court agrees for the same reasons already discussed.

Estech's theory of "first LAN" for the '699 Patent also suffers from another issue.  Claim 1 requires that "a voice mail system" be "within a first LAN."   Estech alleges that the "voice mail system" could be either in Freshworks's cloud or some unidentified third-party server but does not provide any facts to support the plausibility of either of these allegations.  FAC, Ex. D at 33.  Nor do the screenshots Estech provides say anything about where voicemails in Freshworks's system are stored.  *See id.* at 33–43.  Accordingly, Estech fails to allege infringement of the '699 Patent because its allegations are conclusory and rest upon an implausible claim construction.  *ALD Social*, 654 F. Supp. 3d at 978.

*    *    *

To summarize, Estech's FAC does not fully cure the pleading deficiencies the Court

Case No.: 5:24-cv-02525-EJD
ORDER GRANTING MOTION TO DISMISS

8

identified in the MTD Order and thus still does not state an actionable claim for direct infringement of the Asserted Patents. The Court therefore Freshworks's motion to dismiss the direct infringement claim. The Court is somewhat skeptical that Estech will be able to cure the pleading deficiencies identified in this Order, but nonetheless GRANTS leave to amend out of an abundance of caution.

### B.   Indirect and Willful Infringement

Since Estech has again failed to plead a plausible claim for direct infringement of the Asserted Patents, Estech's indirect and willful infringement claims also fail. *See e.Digital Corp. v. iBaby Labs, Inc.*, No. 15-CV-05790, 2016 WL 4427209, at *5 (N.D. Cal. Aug. 22, 2016) (dismissing indirect infringement claim where complaint failed to state direct infringement claim); *see also Yangtze Memory Techs. Co., Ltd. v. Micron Tech., Inc.*, No. 23-CV-05792, 2024 WL 3422598, at *3 (N.D. Cal. July 16, 2024) (dismissing willful infringement claim where complaint failed to state a claim for direct infringement). The Court therefore GRANTS Freshworks's motion as to Estech's claim for indirect infringement of the Asserted Patents.

## IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Freshworks's motion. The Court further grants Estech leave to amend, and any amended complaint must be filed within 21 days of this Order.

**IT IS SO ORDERED.**

Dated: December 26, 2025

EDWARD J. DAVILA
United States District Judge

Case No.: 5:24-cv-02525-EJD
ORDER GRANTING MOTION TO DISMISS
9